IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-CR-123-FL
7:13-CV-194-FL

| | |
|---|---|
| LEROY WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | **ORDER and** |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on the petition (D.E. 36) by pro se petitioner Leroy Williamson ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), petitioner's motion for appointment of counsel included in the petition,[1] and the government's motion (D.E. 42) to dismiss the petition. The petition and motion to dismiss were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). (*See* D.E. dated 10 Dec. 2013). The motion for appointment of counsel is before the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). The petition and motion have been fully briefed.[2] For the reasons stated herein, petitioner's motion for appointment of counsel will be denied, and it will be recommended that the government's motion to dismiss be granted and the petition be dismissed.

---

[1] Petitioner lists "appointment of counsel" among the relief he seeks, but does not otherwise discuss appointment of counsel. (*See* Pet. 13). The government does not address the issue in its briefing. In its discretion, the court has elected to treat petitioner's cryptic reference to appointment of counsel as a motion for this relief.

[2] Petitioner filed a memorandum (D.E. 36) in support of the petition and the government filed a memorandum (D.E. 43) in support of its motion to dismiss. Petitioner filed a response in opposition to the government's motion. (D.E. 47). As noted, neither party discussed petitioner's motion for appointment of counsel in their briefing.

# BACKGROUND

On 27 October 2010, petitioner was indicted for one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Indict. (D.E. 1) 1). The indictment included the allegation that petitioner had three previous convictions qualifying as predicate offenses under the Armed Career Criminal Act ("ACCA"), 19 U.S.C. § 924(e). (*Id.* 2). In 6 April 2011, petitioner entered a plea of guilty (*see* D.E. 25) to the sole charge against him pursuant to a plea agreement (D.E. 27). Petitioner's presentence investigation report ("PSR") (D.E. 29) found him to be an armed career criminal based on his 35 convictions for breaking and entering as well as multiple other felonies. (*See* PSR ¶ 92 (citing PSR ¶¶ 13-15, 19-21, 26-28, 31-56, 58-61)). The PSR gave the advisory guideline range as 180 months based on the mandatory minimum term of imprisonment of 15 years under the ACCA, 18 U.S.C. § 924(e)(1). (*See* PSR ¶¶ 96, 97). On 11 July 2011, the court entered judgment (D.E. 34), sentencing petitioner to 180 months of imprisonment.

The 14-month period for petitioner to appeal his conviction or sentence to the Fourth Circuit expired on 25 July 2011. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner filed no appeal.

He filed the instant petition on 30 August 2013. In it, he challenges his classification as an armed career criminal.

# APPLICABLE LEGAL PRINCIPLES

## I. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to

collateral attack. 28 U.S.C. § 2255(a). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

There is no constitutional right to counsel in a § 2255 proceeding. *See Bell v. Outlaw*, No. 5:07-HC-2227-FL, 2008 WL 4510587, at *2 (E.D.N.C. 29 Sept. 2008) (*citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Nonetheless, Rule 8(c) of the § 2255 Rules requires the court to appoint counsel for qualified petitioners when it determines that an evidentiary hearing is warranted. Rule 8(c), § 2255 Rules. In addition, the court does have discretion under Rule 8(c) to appoint counsel at other stages of a § 2255 proceeding in accordance with 18 U.S.C. § 3006A. Appointment under § 3006A is permitted when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(b).

## II. Rule 12(b)(6) Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 petition. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's

3
Case 7:10-cr-00123-FL   Document 49   Filed 03/24/15   Page 3 of 9

order allowing the government's motion to dismiss petitioner's § 2254[3] petition because the district court did not properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition); § 2255 Rule 12 (expressly allowing the application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules"); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions").

A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id*.

---

[3] Title 28 U.S.C. § 2254 also incorporates the Federal Rules of Civil Procedure. *See* Rule 12 of the Federal Rules Governing § 2254 Proceedings; *see also* Fed. R. Civ. P. 81(a)(4).

4

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244.

### III. The ACCA

Section 922(g) of Title 18 of the United States Code provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g).

The ACCA, in turn, provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year [that] . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2).

# DISCUSSION

## I. Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## II. Appointment of Counsel

Because the court has determined that there is no need for an evidentiary hearing in this matter, petitioner is not entitled to appointment of counsel on that ground. The court concludes that the interests of justice do not otherwise mandate the appointment of counsel. As demonstrated by the discussion of petitioner's claims below and petitioner's manifest ability to communicate adequately the positions he advocates, the issues he raises are not of significant legal complexity and do not require detailed inquiry. *See Bell,* 2008 WL 4510587, at *2 (denying § 2255 petitioner request for counsel because "[t]he court [did] not perceive issues of great legal complexity in this case"); *see also U.S. v. Martin*, No. 3:07CR122, 2009 WL 2434598, at *2 (E.D. Va. 6 Aug. 2009) (denying § 2255 petitioner's request for counsel because petitioner's "filings demonstrate that he is able to adequately communicate with the Court"). Accordingly, petitioner's motion for appointment of counsel will be denied.

## III. Petitioner's Claims

Plaintiff challenges his classification as an armed career criminal under the ACCA subject to the mandatory minimum of 15 years' imprisonment on the grounds that: (1) his prior convictions for breaking and entering under N.C. Gen. Stat. § 14-54(a) do not meet the definition

of "burglary" under the ACCA because under the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the modified categorical approach may not be applied when the predicate offense has a single indivisible set of elements; and (2) he does not have the requisite three or more prior offenses for application of the ACCA pursuant to *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) because most of his prior convictions, including those for breaking and entering, were consolidated for judgment such that they qualify as a single conviction. Petitioner's claims fail for several reasons.

First, his petition is tardy. Under § 2255(f)(1), he had one year to file it from the date on which his judgment of conviction became final. The judgment became final on 25 July 2011 when his time for appeal expired. Thus, petitioner's time to file his motion expired on 25 July 2012. He did not file it until over a year later, on 30 August 2013.

In his response to the government's motion, petitioner concedes that his petition is tardy if § 2255(f)(1) applies. (Pet.'s Resp. 3 ("The Government is correct about the § 2255(f)(1) . . . .")). He argues that his petition is timely because he did not bring it under § 2255(f)(1), but rather under § 2255(3) and (4). He had, in fact, cited to § 2255(f)(3) in his petition, stating that it was filed within one year of the purportedly retroactive *Descamp* ruling. (Pet. 12 ¶ 18). Nonetheless, petitioner's invocation of § 2255(3) and (4) is of no aid.

> These provisions state that the one-year limitation period runs from:
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(3), (4).

7

Case 7:10-cr-00123-FL   Document 49   Filed 03/24/15   Page 7 of 9

As to § 2255(f)(3), it has been repeatedly held that *Descamps* announced a purely procedural rule that does not apply retroactively. *See Eley v. United States*, Nos. 5:11-CR-374-D, 5:14-CV-263-D, 2014 WL 4199241, at *3 (E.D.N.C. 22 Aug. 2014) (collecting cases).[4] As to § 2255(f)(4), petitioner arguably had knowledge of the facts supporting his claim at the time of his convictions for the various predicate offenses. He unquestionably had notice by the time of his conviction on the instant federal charges because they are set out in the PSR.

Independent of their tardiness, petitioner's claims fail because he procedurally defaulted his classification as an armed career criminal. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). He did not challenge his classification in an appeal and did not show either cause for his failure or actual prejudice resulting from the purported error. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Eley*, 2014 WL 4199241, at *2.

Petitioner's claims also fail on the merits. *Descamps* does not apply to plaintiff's conviction, irrespective of the issue of timeliness. The Fourth Circuit has ruled specifically that the state statute under which petitioner was convicted of breaking and entering, N.C. Gen. Stat. § 14-54(a), "criminalizes conduct categorically meeting the definition [of burglary as used in the ACCA]—an unlawful entry into a building or other structure with intent to commit a crime." *United States v. Thompson*, 588 F.3d 197, 202 (4th Cir. 2009). Thus, "a North Carolina conviction for 'breaking or entering' under North Carolina General Statutes § 14-54(a) is, as a matter of law, a 'violent felony' within the meaning of ACCA." *Id.; see also United States v. Westmoreland*, 542 Fed. Appx 221, 224 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1045 (2014) (concluding that its prior holding that North Carolina convictions for breaking and entering

---

[4] Although petitioner does not expressly contend that *Davis* applies retroactively, courts have held that it does not. *See*, *e.g.*, *Eley*, 2014 WL 4199241, at *2; *Dawson v. United States*, Nos. 5:06-CR-61-FL, 5:08-CV-298-FL, 2014 WL 3018222, at *2 (E.D.N.C. 3 July 2014).

8

Case 7:10-cr-00123-FL   Document 49   Filed 03/24/15   Page 8 of 9

qualify as violent felonies for purposes of the ACCA was not affected by the Supreme Court's decision in *Descamps*).

Petitioner's reliance on *Davis* is also misplaced, again, irrespective of the issue of timeliness. By its terms, it applies to the requirements for career offender status under § 4B1.1(a) of the United States Sentencing Guidelines. It does not apply to the ACCA. *United States v. Benn*, 572 Fed. Appx. 167, 181 (4th Cir. 2014); *Eley*, 2014 WL 4199241, at *3.

## CONCLUSION

For the foregoing reasons:

1. IT IS ORDERED that petitioner's motion (D.E. 36) for appointment of counsel is DENIED.

2. IT IS RECOMMENDED that the government's motion to dismiss (D.E. 42) be GRANTED and that the petition (D.E. 36) be DISMISSED.

3. IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, where applicable, their counsel, who shall have until 7 April 2015 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 24th day of March 2015.

_____
James E. Gates
United States Magistrate Judge