IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-123-FL
No. 7:13-CV-194-FL

| | | |
|---|---|---|
| LEROY WILLIAMSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. (DE 36). Also pending before the court is the government's motion to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 42). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R), wherein it is recommended petitioner's motion be denied and the government's competing motion be granted. Petitioner timely has filed objections to the M&R and the government's time for response has passed. In this posture the matter is ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, denies petitioner's motion, and grants the government's motion.

**BACKGROUND**

On October 27, 2010, petitioner was named in a one count indictment, charging possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924. The indictment

further alleged petitioner previously had been convicted of three or more convictions qualifying as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On April 6, 2011, with benefit of a written plea agreement, petitioner pleaded guilty to the lone count charged in the indictment. Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"), which concluded that petitioner was an armed career criminal, as defined under the ACCA, based on 35 previous convictions for breaking or entering, in violation of N.C. Gen. Stat. § 14-54(a), as well as various other felonies.

The PSR calculated petitioner's advisory Guidelines sentence as 180 months, based on the ACCA's mandatory 15-year minimum sentence. 18 U.S.C. § 924(e)(1). On July 11, 2011, the court sentenced petitioner to 180 months, consistent with the PSR's recommendation and the mandatory minimum sentence available. Petitioner did not appeal.

On August 30, 2013, more than two years after sentencing, petitioner filed the instant § 2255 motion challenging his classification as an armed career criminal. Petitioner contends his motion timely was filed, based on the purportedly retroactive effect of the Supreme Court's decision in Descamps v. United States, __ U.S. __, 133 S. Ct. 2276 (2013). See generally 28 U.S.C. § 2255(f)(3). Petitioner contends Descamps' result, that a certain California statute did not categorically qualify as "burglary" as defined in § 924(e)(2)(B)(ii), undermines his classification as an armed career criminal. In addition, petitioner suggests United States v. Davis, 720 F.3d 215 (4th Cir. 2013), undermines the characterization of his 35 prior convictions for breaking or entering as "predicate offenses" under the ACCA, because he only served one sentence for all 35 convictions.

2

The government filed its motion to dismiss on November 15, 2013. The court referred the motions to a magistrate judge for M&R on December 10, 2013. M&R entered on March 24, 2015.[1] The M&R recommends denying petitioner's motion as untimely, as well as barred by petitioner's failure to take a direct appeal. In addition, the M&R recommends dismissing petitioner's motion on the merits. Petitioner's objections followed.

## COURT'S DISCUSSION

A.     Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

---

[1] On October 31, 2014, while this matter was pending for M&R, petitioner filed a motion "to compel the district court to render a decision." (DE 48). As the court dispenses with petitioner's § 2255 herein, petitioner's motion will be DENIED as MOOT.

662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Petitioner lodges a specific objection to the magistrate judge's conclusion that his claim for relief fails on the merits only. In particular, petitioner objects to the M&R's recommendation that the court find petitioner's prior conviction for breaking or entering under N.C. Gen. Stat. § 14-54(a) categorically identical to "burglary," as that crime is defined for purposes of the ACCA. See 18

4

U.S.C. § 924(e)(2)(B)(ii); Taylor v. United States, 495 U.S. 575, 598-99 (1990). In addition, petitioner suggests the magistrate judge erred in concluding that petitioner had the requisite three or more convictions to sustain an enhanced sentence under the ACCA, because he only had served one sentence for his prior convictions. Petitioner's objections have no merit and thus his motion is denied.

1.  Petitioner's Motion is Time Barred

As an initial matter, petitioner's objections to the M&R rest solely on the M&R's discussion of the merits of his claim. However, the M&R first and foremost recommends dismissal of petitioner's motion on procedural grounds. Petitioner's motion was untimely under §2255(f)(1), (3), and (4).

Generally, a petitioner has one year from "the date on which the judgment of conviction becomes final" to initiate collateral attack. 28 U.S.C. § 2255(f)(1). Here, petitioner was sentenced on July 11, 2011. On July 25, 2011, petitioner's window for appeal closed, and thus his conviction became final. See Fed. R. App. P. 4(b)(1)(A)(i). The time for petitioner to file a § 2255 petition began to run immediately, and ended on or about July 25, 2012. Petitioner did not file the instant petition until August 30, 2013. Accordingly, petitioner's motion was untimely under § 2255(f)(1).

In addition, petitioner's motion also fails under § 2255(f)(3) and (4). In his original motion, petitioner suggests its timeliness should be evaluated under § 2255(f)(3), which provides a one-year limitations period beginning on "the date on which the right asserted [in the petition] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner

5

contends either Descamps,133 S. Ct. 2276 (2013), or Davis, 720 F.3d 215 (4th Cir. 2013), make his petition timely.[2] They do not.

With regard to petitioner's argument grounded in Descamps, it is of no avail as the rule in that case does not apply retroactively. Both newly announced procedural and substantive rules may be applied retroactively in certain circumstances. See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). Although the retroactivity of procedural rules is judged differently from the retroactivity of their substantive counterparts, see id. (discussing applicable standards for retroactivity), the retroactivity of any rule, no matter the type, depends on it being "new." See id.

In Descamps the Supreme Court clarified existing doctrine regarding the universe of documents properly considered by a court when determining whether a previous conviction qualifies as an ACCA predicate offenese. See Descamps, 133 S. Ct. at 2282. The Court held that sentencing courts considering an ACCA enhancement and faced with a predicate conviction obtained based on an indivisible statute, that is a statute that does not enumerate multiple ways in which a conviction may be obtained, may not look to any extrinsic evidence when considering whether the conviction in fact is an ACCA predicate. See id. at 2283-86. In so holding, the Supreme Court relied solely on its precedent. See id. (citing Shepard v. United States, 544 U.S. 13 (2005); Taylor, 495 U.S. 575 (1990)). The Court described the procedure announced in Descamps as "the only way [it] ha[s] ever allowed" a court to analyze predicate convictions based on an indivisible statute. Id. at 2285.

---

[2]Petitioner's argument grounded in Davis aries from a portion of his § 2255 motion wherein he states that his 15 year sentence, imposed pursuant to 18 U.S.C. § 924(e), is in excess of the 10 year maximum found in § 924(a)(2). To the limited extent petitioner claims he should have been sentenced in accord with § 924(a)(2)'s 10-year limitations period, that contention is without merit. See United States v. Vann, 660 F.3d 771, 772 (4th Cir. 2011) (en banc) ("A § 922(g) offense typically carries a statutory maximum sentence of ten years in prison. If the accused has three or more previous convictions for ACCA violent felonies, however, he is subject to an enhanced minimum sentence of fifteen years with a maximum of life imprisonment") (citations omitted).

6

Accordingly, the rule in Descamps is not new and thus is not retroactive for purposes of the limitations period set out in § 2255(f)(3).

The court's decision is buttressed by decisions of other courts, which routinely have held that the rule announced in Descamps does not apply retroactively on collateral attack. See, e.g., Groves v. United States, 755 F.3d 588, 593(7th Cir. 2014); Whittaker v. Chandler, 574 F. App'x 448, 449 (5th Cir. 2014); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); Hooker v. United States, Nos. 5:02-CR-28, 5:14-CV-152, 2015 WL 366435, at *3 (N.D. W. Va. Jan. 26, 2015); Eley v. United States, Nos., 5:11-CR-374-D, 5:14-CV-263-D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014). In particular, the Tenth Circuit, in accord with this court, noted that Descamps simply applied existing doctrine and thus could not be applied retroactively. Montes, 570 F. App'x at 831.

With respect to Davis' retroactivity, petitioner's argument also lacks merit. The plain language of § 2255(f)(3) requires a new rule be announced "by the Supreme Court," not the Fourth Circuit See § 2255(f)(3); United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012) (noting that 28 U.S.C § 2255(f)(3) requires petitioner to show 1) that the Supreme Court recognized a new right; 2) the right has been made retroactively applicable to cases on collateral review; and 3) the petitioner filed his motion within one year of the time the Supreme Court recognized the right). In Davis, the Fourth Circuit held that application of the advisory Sentencing Guidelines' career offender enhancement, § 4B1.1, requires separate sentences, rather than separate convictions. Davis, 720 F.3d at 219-20 (interpreting U.S.S.G. § 4B1.2(c)). In so holding, the court did not rely on Supreme Court precedent and did not consider any newly announced rule. Rather, the court relied exclusively

7

on its own precedent. Thus, petitioner's timeliness argument, grounded in § 2255(f)(3) and Davis, also fails.

Petitioner's motion also is time barred under § 2255(f)(4). That section provides a one year limitations period, accruing on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Here, petitioner grounds his argument in an "error by [the North Carolina] sentencing court," which imposed seven consecutive 10-year sentences rather than one consolidated 10 year sentence. Petitioner acknowledges than he served 23 years in a North Carolina prison, rather than the 10 years to which he believes he should have been sentenced. Given the fact petitioner served 13 years in excess of his expected 10 year sentence for his predicate state convictions, petitioner cannot now argue he was unaware of that error at the time he was sentenced for the instant offense.

2.  Petitioner has Procedurally Defaulted on His Claims

Even assuming petitioner's motion was not untimely, the court still must reject his petition for habeas relief because he has procedurally defaulted on his claims. See Bousley v. United States, 523 U.S. 614, 621-22 (1998). As a general rule, where a petitioner fails to raise a claim on direct appeal, habeas relief is not available to him, see id. at 622, as § 2255 was not intended to act as a substitute to direct appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994). In the case at bar, it is undisputed that petitioner never took a direct appeal, giving rise to the conclusion that petitioner procedurally defaulted on the claims brought here.

Nevertheless, the failure to take a direct appeal does not end the procedural default analysis automatically. Even "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . if the defendant can first demonstrate either

8

'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citations omitted). Petitioner has not shown any cause for or prejudice accruing from his procedural default. Moreover, petitioner cannot claim actual innocence, where he admits his guilt for the underlying criminal offense in his briefing to the court. (See Pet.'s Objections, DE 50, at 4). Accordingly, because petitioner has procedurally defaulted on the claims before the court he is without legal recourse.

      3.      Petitioner's Claims Fail on the Merits

In any event, even assuming petitioner's claims were not procedurally barred, his claims also fail on the merits. Petitioner challenges the court's classification of his conviction for breaking or entering, under N.C. Gen. Stat. § 14-54(a), as an ACCA predicate conviction. In particular, petitioner contends "breaking or entering" is not analogous to the generic "burglary" offense listed in 18 U.S.C. § 924(e)(2)(B)(ii), because "breaking or entering" does not contain "unlawfulness" as an element. (Pet.'s Br., at 6).

The ACCA imposes a 15 year mandatory minimum for persons who violate 18 U.S.C. § 922(g) and have "three previous convictions by any court . . . for a violent felony," among other things. 18 U.S.C. § 924(e)(1). A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, [or] involves the use of explosives."[3] 18 U.S.C. § 924(e)(2)(B). Petitioner challenges the characterization of his

---

[3] The ACCA also includes a so called "residual clause," which extends the definition of "violent felony" to include any crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(2). On June 26, 2015, the Supreme Court declared this portion of the ACCA unconstitutional as a violation of the Fifth Amendment's guarantee of due process. Johnson v. United States, __ U.S. __, __ S. Ct. __, No. 13-7120, 2015 WL 2473450 (2015). The Supreme Court's opinion in Johnson has no effect on the outcome of this case.

9

breaking or entering conviction, under N.C. Gen. Stat. § 14-54(a), as the ACCA predicate "burglary" offense.

In assessing whether an offense constitutes an ACCA predicate offense, the court typically looks to "the statutory definitions – i.e., the elements –of a defendant's prior offenses, and not to the particular facts underlying those convictions." Descamps, 133 S. Ct. at 2283 (citing Taylor, 495 U.S. at 600)(internal quotations omitted). Thus, with regard to the generic offenses listed in § 924(e)(2)(B)(ii), the court looks only to the elements of a defendant's prior offenses and compares those elements to the elements of the offenses listed. See United States v. Hemingway, 734 F.3d 323, 328 (4th Cir. 2013).

The generic crime at issue here is "burglary," which is defined as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir. 1992) (quoting Taylor, 495 U.S. at 598-99). Defendant's prior offense at issue is "breaking or entering," as defined by N.C. Gen. Stat. § 14-54(a). That statute provides "Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a . . . felon." N.C. Gen. Stat. § 14-54(a). It goes on to define "building" as "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." Id. Notably, the crime described in § 14-54(a) allows conviction on a showing of "breaking *or* entering," not breaking *and* entering. See, e.g., Bowden, 975 F.2d at 1084; State v. Myrick, 306 N.C. 110, 114 (1982).

Petitioner contends his conviction for breaking or entering is not categorically identical to the generic offense of "burglary" because violation of § 14-54(a) does not require the entry be

10

unlawful.  Petitioner grounds his argument in the theory that a conviction may be obtained based on a showing of "entering" alone.  The Fourth Circuit has roundly rejected petitioner's argument on multiple occasions, each time holding that a violation of § 14-54(a) is categorically identical to the generic burglary offense listed in § 924(e)(2)(B)(ii).  United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); Bowden, 975 F.2d at 1085.  In Bowden the Fourth Circuit directly addressed petitioner's contention, holding that even though § 14-54(a) allows a conviction where the defendant "gently" gains "entry into [a] building[] without breaking," the entry itself is unlawful, thus making a violation of § 14-54(a) categorically identical to "burglary" under the ACCA.  Bowden, 975 F.2d 1084-85.

Nevertheless, petitioner suggests Descamps implicitly overruled these holdings.  It did not.  As an initial matter, Descamps does not address the proper construction of the statute at issue.  Rather, that case focuses on the proper procedure for determining whether a conviction is categorically identical to the offenses enumerated in the ACCA.  See generally 18 U.S.C. § 924(e)(2)(B)(ii).  Moreover, in Descamps defendant previously had been convicted under a California statute that allowed the state to obtain a conviction even where the defendant lawfully entered a building with the intent to commit a felony therein.  See Cal. Penal Code § 459; Descamps, 133 S. Ct. at 2282; People v. Barry, 94 Cal. 481, 483-84 (1892).  This is in contrast to the statute at issue here.  As discussed above, although § 14-54(a) allows conviction on a showing of "entry" only, the entry is itself unlawful.  Bowden, 975 F.2d at 1084-85.  Accordingly, defendant's breaking or entering conviction under § 14-54(a) is categorically identical to the generic offense of burglary listed under the ACCA.

11

In addition, to the limited extent petitioner rests his motion on Davis, that case offers him no help here. Davis is inapplicable in the context of the Armed Career Criminal Act. United States v. Benn, 572 F. App'x 167, 181 (4th Cir. 2014). Davis involved application of the advisory Sentencing Guidelines' career offender sentencing enhancement, U.S.S.G. § 4B1.1. That provision contains language very similar to the ACCA. In particular, it increases a defendant's base offense level under the advisory Sentencing Guidelines where the defendant has been found guilty of a crime of violence or controlled substance offense and "has at least two prior felony convictions of either a crime of violence or controlled substance offense," sustained after the defendant's 18th birthday. U.S.S.G. § 4B1.1.

At first glance, it appears the similar language used in career offender enhancement and the ACCA should lead to a similar result. However, the advisory Sentencing Guidelines explicitly define the phrase "two prior felony convictions," with reference to the number of separate sentences served by the defendant. U.S.S.G. § 4B1.2(c). It is the explicit definition of "two prior felony convictions" that the Fourth Circuit interpreted in Davis. Davis, 720 F.3d at 219-20. There is no parallel definition in the Armed Career Criminal Act. See 18 U.S.C. § 924(e). Thus, even though petitioner served one sentence for his 35 breaking or entering convictions, which standing alone precludes application of the career offender enhancement, see U.S.S.G. §§ 4B1.1 & 4B1.2, the ACCA contains no explicit requirement that a defendant serve separate sentences, and the court declines petitioner's invitation to introduce that requirement.

C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A

12

certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on a *de novo* review of those portions of the M&R to which specific objections were raised, and upon considered review to the remainder thereof, the court ADOPTS the M&R (DE 49) as its own. Petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, (DE 36), is DENIED. The government's motion to dismiss for failure to state a claim upon

13

which relief can be granted, (DE 42), is GRANTED. Petitioner's motion to compel, (DE 48), is DENIED as MOOT. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED this the 7th day of Ju1y, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge