**Leroy Williamson**,

                    Petitioner,

v.                                                              **Order &
                                                    Memorandum & Recommendation**

**United States of America**,

                    Respondent.

Petitioner Leroy Williamson, proceeding under 28 U.S.C. § 2241, seeks to vacate the 180-month sentence of imprisonment imposed in connection with his guilty plea to possession of a firearm by a convicted felon. Williamson argues that he is entitled to relief because *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"). The Government argues that Williamson's petition should be dismissed for lack of subject matter jurisdiction.

After reviewing the docket and the arguments of the parties, the court determines that Williamson is entitled to amend his petition. However, he is not entitled to the relief he seeks because the court lacks subject matter jurisdiction over his § 2241 petition. Therefore, the undersigned grants[1] Williamson's Motion to Amend (D.E. 55). The undersigned further recommends that that the court deny Williamson's petition (D.E. 53) without prejudice and grant the Government's Motion to Dismiss (D.E. 60).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

# I.    Background

In April 2011, Williamson entered a guilty plea, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon. D.E. 25. As a result of his guilty plea, a United States Probation Officer prepared a Presentence Investigation Report ("PSR") and determined Williamson's statutory minimum sentence to be 180 months due to Williamson's status as an armed career offender. D.E. 29 at ¶¶ 92, 96. The court entered a judgment on July 11, 2011, and sentenced Williamson to a 180-month term of imprisonment. D.E. 32. Williamson did not appeal his conviction or sentence.

On August 30, 2013, Williamson filed a motion to vacate pursuant to 18 U.S.C. § 2255. D.E. 36. In his petition, he challenged his classification as an armed career criminal, arguing that his prior breaking and entering convictions were not ACCA predicates due to the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *Id.* at 4. He also asserted that his sentence was in excess of the maximum sentence allowed by law. *Id.* at 5. On July 18, 2015, this court denied Williamson's § 2255 petition.

On August 10, 2015, Williamson filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241. D.E. 53. Williamson subsequently filed a motion to amend his petition. D.E. 55. The Government responded by filing a motion to dismiss. D.E. 60.

# II.    Motion to Amend

Williamson seeks to amend his § 2241 petition to include the argument that possession of a firearm by a convicted felon is excluded as a sentencing enhancement predicate under the ACCA. D.E. 55 at 4. A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2010). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under

2

Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires[,]" *id.*, the court need not grant a plaintiff leave to amend when "the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted). Williamson filed his § 2241 petition on August 5, 2015, and filed his motion to amend on August 25, 2015. Accordingly, Williamson's motion is timely. The court will therefore grant Williamson's motion to amend and will consider below whether the additional argument survives the Government's motion to dismiss.

## III.    Section 2241 Petition

Williamson argues that his classification as an armed career offender under the ACCA is invalid due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He contends that, under *Johnson*, his prior breaking and entering convictions and felon-in-possession conviction are no longer sentencing enhancement predicates under the ACCA. The Government argues that the court lacks subject matter jurisdiction over Williamson's § 2241 petition. The court agrees and determines that Williamson's petition should be dismissed without prejudice.

Although Williamson filed his petition under § 2241, he is attacking the legality, as opposed to the execution, of his sentence. Therefore, he must proceed under 28 U.S.C. § 2255 unless he can show that the remedy provided by that statute "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). Section 2255 is considered inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If Williamson cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Williamson is unable meet the *Jones* test because *Johnson* did not decriminalize Williamson's underlying crime—possession of a firearm by a convicted felon—for which he pled guilty. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."); *cf. Turner v. Wilson*, No. 2:14CV597, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015) (finding that *Johnson* did not render petitioner's underlying conduct—possession with intent to distribute crack cocaine and possession of a firearm in connection with a drug crime—"not criminal"); *Swanson-El v. Zych*, No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the *Johnson* decision had no effect on the criminality of [petitioner's] offense conduct—aggravated bank robbery—he cannot proceed with his claim under § 2241."). Furthermore, Williamson's underlying offense is still criminal, *see* 18 U.S.C. § 922(g)(1), and Williamson does not argue that he is actually innocent of his offense, *see United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has … not extended the reach of the savings clause to those challenging only their sentence."); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (unpublished) ("[O]ur cases have confined the § 2255 savings clause to

instances of actual innocence of the underlying offense of conviction….").[2] Because Williamson

fails to establish that § 2255 is an "ineffective or inadequate remedy," he must proceed with his

claim pursuant to § 2255.

Nevertheless, Williamson argues that an order from the Supreme Court in *Persuad v. United States*, 134 S. Ct. 1023 (2014), establishes that a prisoner may use a § 2241 petition to challenge a sentencing error. D.E. 53 at 12. However, this argument fails because the Supreme Court's decision in *Persaud* to grant certiorari, vacate the judgment, and remand the case for further consideration was not a decision on the merits. *United States v Simmons*, 635 F.3d 140, 144 (4th Cir. 2011) ("At the outset, we note that when the Supreme Court grants certiorari, vacates an opinion, and remands for further consideration, it makes no determination on the merits of the underlying opinion."), *rev'd en banc on other grounds*, 649 F.3d 237 (4th Cir. 2011). The Supreme Court did not, as Williamson claims, establish a principle that allows him to challenge his sentence under § 2255's savings clause.[3]

Furthermore, the court cannot convert Williamson's § 2241 petition into a § 2255 motion because he already sought relief under § 2255. A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

---

[2] In fact, Williamson admits multiple times to possession of firearms. D.E. 55 at 1–2; D.E. 63 at 3–4.

[3] The court notes that after the Supreme Court remanded *Persaud*, the Fourth Circuit reaffirmed its prior holdings that sentencing errors are not redressable under the savings clause and a petitioner is only eligible for relief under § 2241 if he can present a "genuine claim of actual innocence of the crime of conviction." *United States v. Surratt*, 797 F.3d 240, 253 (4th Cir. 2015). However, the Fourth Circuit Court of Appeals agreed to rehear the case *en banc* on December 2, 2015, vacating the previous judgment and opinion. *See* Fourth Cir. Loc. R. 35(c).

28 U.S.C. § 2255(h); *see United States v. Winestock*, 340 F.3d. 200, 204–05 (4th Cir. 2003). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Although Williamson filed a motion for authorization to file a successive § 2255 motion in the Fourth Circuit Court of Appeals, the Fourth Circuit placed the case in abeyance and has not yet ruled upon his application.[4] *See In re Leroy Williamson*, Appellate No. 16-110 (Feb. 4, 2016) (placing Williamson's successive § 2255 motion in abeyance pending a decision in *In re Hubbard*, No. 15-276).

Even if the court could convert Williamson's § 2241 petition into a § 2255 motion, Williamson would still not be entitled to relief. Williamson argues that *Johnson* invalidates his enhanced sentence under the Armed Career Criminal Act ("ACCA") and that he is entitled to resentencing without the use of his breaking-and-entering convictions as ACCA predicates. Under the ACCA, the minimum term of imprisonment for a person convicted of being a felon in possession of a firearm is increased from ten years to fifteen years if he has been convicted of three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The definition of a violent felony includes four enumerated offenses—burglary, arson, extortion, and use of explosives— and the residual clause. *Id.* § 924(e)(2); *see United States v. Johnson*, 135 S. Ct. 2551, 2555–56 (2015). In *Johnson*, the Supreme Court of the United States held that imposing an increased sentence under the residual clause of the ACCA violated due process.[5] *Johnson*, 135 S. Ct. at 2263. However, the Supreme Court's holding did not "call into question application of the

---

[4] On February 18, 2016, this court denied Williamson's motion to stay resolution of his § 2241 petition until the Fourth Circuit rules upon his application to file a successive § 2255 motion. D.E. 65 at 2.

[5] The Supreme Court recently held that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

[ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* Here, Williamson sustained more than three breaking-and-entering convictions, all of which were committed on different occasions and punishable by a term of imprisonment exceeding one year. *See* D.E. 29 at ¶¶ 8–62. Because the Fourth Circuit Court of Appeals has held that a North Carolina conviction of breaking-and-entering qualifies as an ACCA predicate offense, *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir.), *cert. denied*, 135 S. Ct. 734 (2014), Williamson's breaking-and-entering convictions put him squarely within the purview of the ACCA. Accordingly, the District Court sentenced Williamson appropriately and his argument to the contrary is without merit.

## IV.    Conclusion

For the foregoing reasons, the undersigned grants Williamson's Motion to Amend (D.E 55) and recommends that the court dismiss Williamson's § 2241 petition (D.E. 53) without prejudice and grant the Government's Motion to Dismiss (D.E. 60).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: May 20, 2016

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE